## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MICHAEL SMITH, Individually and On Behalf of all Others Similarly Situated,<br><br>　　　　Plaintiff,<br>v.<br><br>TARGET CORPORATION<br><br>　　　　Defendant. | Civil Action No. CIV-19-999-C _____<br><br>**JURY TRIAL DEMANDED**<br><br>**ATTORNEY LIEN CLAIMED** |

### COLLECTIVE AND CLASS ACTION COMPLAINT FOR UNPAID WAGES

Plaintiff files this Class and Collective Action Complaint for Unpaid Wages against the above listed Defendant on his own behalf and on behalf of all others similarly situated.

**I.　　INTRODUCTION**

1.　　Plaintiff Michael Smith ("Plaintiff") brings this case as a collective action under the Federal Fair Labor Standards Act. As set forth below, Plaintiff worked as a Senior Team Leader for Defendant Target Corporation ("Defendant" or "Target") at a Target store in Yukon, Oklahoma.

2.　　While working as an hourly Senior Team Leader, Plaintiff periodically acted in the capacity of the store's Leader on Duty ("LOD"), in which case he would be the senior store manager on duty. In the LOD capacity, Plaintiff was required to be continually on duty, in order to meet any need that might arise. He was the senior-most Target employee in the store. Despite being always on duty while in the LOD capacity, Target subtracted 30 minutes from his daily pay for meal breaks when he was acting in the LOD capacity.

3. The subtraction of 30 minutes from daily pay constituted an illegal reduction of pay under the Federal Fair Labor Standards Act 29 U.S.C. §§ 201 *et seq.* ("FLSA"), which requires payment of wages for all hours worked, including overtime wages when appropriate.

4. Plaintiff seeks compensation for Defendant's violations of the FLSA on his behalf and on behalf of all other similarly situated employees or former employees.

## II. JURISDICTION AND VENUE

5. The jurisdiction of this court is conferred pursuant to 28 U.S.C. §1331 because this case arises under the Federal Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*

6. Venue is properly in the Western District of Oklahoma pursuant to 28 U.S.C. § 1391(b)(2) because the events giving rise to Plaintiff's claims occurred in this District in that the Plaintiff worked for Defendant in this District and it was in this District where Defendant's actions harmed Plaintiff.

## III. PARTIES

7. Plaintiff is an adult resident of Windsor, North Carolina. Plaintiff was a long-time and highly dedicated hourly employee of Target for almost 20 years. He worked for Target in the Yukon, Oklahoma store in various capacities from December 2015 through October 2018 and began working periodically in the LOD capacity starting in May 2016. While working as LOD, Plaintiff's wages included illegal deductions for half hour (30 minute) meal breaks during which he was not fully relieved of duty.

8. Target Corporation is a massive U.S. Retailer with its headquarters in Minnesota.

9. Target has hundreds of thousands of employees who work at their stores throughout the United States, including hourly employees who, like Plaintiff, were subjected to the policy of non-payment of wages, wherein they worked in the Leader on Duty capacity and were on duty at all times while in that capacity and nevertheless had 30 minute meal breaks deducted from their pay while they remained on duty during these illusory meal breaks.

10. Defendant enjoyed the benefit of its policy or practice of not paying wages to Plaintiff and other employees similarly situated from this policy or practice for the illusory meal breaks.

## IV.   CLASS AND COLLECTIVE ALLEGATIONS

11. Plaintiff brings this action as a collective action pursuant to 29 U.S.C. § 216(b) of the FLSA, on behalf of himself and on behalf of all similarly situated employees currently and formerly employed by Defendant.

12. Pending any modifications necessitated by discovery, Plaintiff preliminarily defines the members of the proposed collective action or "216(b) Class" under the FLSA as all individuals who in the last three years (on or after October 9, 2016) worked for Target as hourly workers and who periodically acted in the LOD capacity and, while acting in the LOD capacity, had 30 minute meal breaks deducted from their pay for meal breaks.

13. The relevant time period dates back three years from the date on which this Complaint was filed and continues forward through the date of judgment because the FLSA provides a three-year statute of limitations for claims of willful violations of the FLSA, 29 U.S.C. § 255(a).

14.     It is appropriate to treat this action as a collective action under 29 USC § 216(b) Plaintiff and all 216(b) Class Members are similarly situated because they were subjected to Defendant's common practices and policies of refusing to pay wages to such employees while acting in the capacity of Leader on Duty.

15.     The claims of the named Plaintiff are representative and similar to the claims of the 216(b) Class; the named Plaintiff and his attorneys can adequately protect the interests of the 216(b) Class and are not in conflict with any members of the 216(b) Class.

16.     The claims of the named Plaintiff are typical of the claims of the 216(b) Class. Treating this action as a collective action would be far preferable to requiring numerous individual actions.

17.     Plaintiff consents to sue in this action. Plaintiff's "Consent Form" is attached to this complaint as Exhibit 1. Additional potential 216(b) Class Members may execute and file similar "consent" or "opt in" forms to join as a named plaintiff in the instant action.

V.    **STATEMENT OF FACTS**

18.     In or about May 2016, Plaintiff, who was an hourly worker, began working periodically as LOD at his Target store location in Yukon, Oklahoma.

19.     Target's term "Leader on Duty" means what it says -- in this capacity, the worker is the highest ranking Target employee in the store and is always "on duty." It would be fair to say that for any issues that arise in the store "the buck stops" with the LOD. While Plaintiff worked in the LOD capacity, he was always on duty, subject to being called to do whatever was necessary to run the store or address problems.

20. Despite the fact that he was always on duty or "on call" when working in the LOD capacity, Target's common policy and practice during the workdays when Plaintiff acted as LOD was to deduct half an hour (30 minutes) from Plaintiff's paycheck for a meal break.

21. This half an hour (30 minute) deduction from his wages was unlawful since Plaintiff was working during the period of time while having the time deducted from his pay.

22. Plaintiff is informed and believes that Target subjects employees in the LOD capacity to this policy or practice of nonpayment of wages, including failure to pay overtime wages when appropriate, and that this occurs throughout Target's retail locations throughout the United States and effects thousands of other Target current or former employees who work as LODs for Target.

### COUNT I
### VIOLATION OF THE FEDERAL FAIR LABOR STANDARDS ACT
(Plaintiff and FLSA 216(b) Class)

23. Plaintiff repeats and realleges each of the allegations set forth above as if fully set forth herein.

24. Plaintiff assert this count on his own behalf and on behalf of all others similarly situated who worked for Target throughout the United States pursuant to 29 U.S.C. 216 (b).

25. Plaintiff and others were employees as that term is defined by the FLSA.

26. Defendant violated the FLSA when it refused to pay Plaintiff and others their wages.

27. Defendant violated the FLSA when it refused to pay Plaintiff and others their overtime wages when appropriate.

5

28. Defendant Target's violations of the FLSA were willful pursuant to 29 U.S.C. 255(a) as Target knowingly, deliberately, and improperly deducted pay from Plaintiff's wages (and others) for the illusory meal breaks while working in the LOD capacity.

29. Plaintiff and others have suffered lost wages and lost use of those wages in an amount to be determined at trial.

30. Plaintiff and others are entitled to recover unpaid wages, liquidated damages, attorney fees and costs for Defendant's violations of the FLSA.

## VI. JURY DEMAND

31. Plaintiff requests a trial by jury on all of his claims.

## VII. PRAYER FOR RELIEF

WHEREFORE Plaintiff prays that:

a. This case be certified to proceed as a collective action pursuant to 29 U.S.C. § 216(b) and that appropriate notice of this suit and an opportunity to opt into it be provided to all 216(b) Class Members;

b. Judgment be entered against Defendants for an amount equal to Plaintiff's and 216(b) Class Members' unpaid back wages at the applicable rate, including overtime wages, when appropriate, for time worked in excess of forty hours per week;

c. Judgment be entered against Defendants that their violations of the FLSA were willful;

d. Plaintiff and the 216(b) Class be awarded liquidated damages as is required by law;

e.       Plaintiff and the 216(b) Class be awarded pre-judgment and post-judgment interest as permitted by law;

f.       Plaintiff and the 216(b) Class be awarded costs incurred and reasonable attorney's fees for prosecuting these claims as permitted by law;

g.       Plaintiff be awarded a service award in recognition of his work as representative of the proposed 216(b) Class;

h.       Plaintiff and the 216(b) Class be awarded such other and further relief as may be necessary and appropriate; and

i.       Such other relief as in law or equity may pertain.

                Respectfully submitted,

By:   s/ *Kristopher E. Koepsel*
       Kristopher E. Koepsel, OBA #19147
       Riggs, Abney, Neal, Turpen,
         Orbison & Lewis, PC
       502 West Sixth Street
       Tulsa, OK  74119
       Telephone: (918) 587-3161
       kkoepsel@riggsabney.com

           and

       Brian Murray (*pro hac vice* forthcoming)
       State Bar No. 2388494
       Glancy Prongay & Murray LLP
       230 Park Ave., Suite 530
       New York, NY 10169
       Phone: (212) 682-5340
       Facsimile: (212) 884-0988
       bmurray@glancylaw.com

and

Kevin F. Ruf (*pro hac vice* forthcoming)
State Bar No. 136901
Glancy Prongay & Murray LLP
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Phone:  (310) 201-9150
Facsimile: (212) 884-0988
kruf@glancylaw.com

*Attorneys for Plaintiff*